**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**DANIEL J. PARRISH,**

                **Plaintiff,**

        **v.**                            **CASE NO.  06-3197-SAC**

**LARNED STATE
HOSPITAL,**

                **Defendant.**

**O R D E R**

This is a civil rights complaint, 42 U.S.C. 1983, filed by a Kansas inmate confined in a fairly new wing reserved for KDOC inmates at the Larned State Hospital, Larned, Kansas.  The named defendant is Larned State Hospital.

Plaintiff complains that the new law library at the facility "has no typewriters, little for legal access, no on-line legal access, and refuses to make xerox legal copies."  He also complains that LSH and the agency which operates it, Kansas Department of Social and Rehabilitative Services (SRS), make no provision for "indigent mail or legal mail postage."  He further complains that the facility where he is housed has malfunctioning toilets and sewers with fumes permeating half of the building as well as the crowded cafeterias, an overcrowded day room, no programs, a big exercise yard which is unavailable, and a lack of funds and/or staff to provide escorts to the cafeterias, yards, law library, shower lines, visitation, and haircuts.  He alleges defendant claims it does not have enough employees to operate the building or its exercise and rehabilitative programs. He asserts conditions at the facility are unconstitutional and violate his First, Sixth, Eighth

and Fourteenth Amendment rights.

Plaintiff states he has contacted the U.S. Attorney's Office in Kansas, the FBI, the U.S. Department of Justice, and the Governor's office. He generally alleges he has attempted administrative remedy through defendant's grievance system, to no avail, on the issues of the exercise yard and law library.

Plaintiff requests several forms of relief from the court. He seeks a "federal show cause hearing" held by the U.S. Department of Justice examining the conditions at the Isaac Ray Building, and to join any pending federal litigation against contractors of the Isaac Ray Building. He asks this court to order LSH to open its big exercise yard at the Isaac Ray facility daily to the 270 inmates, to use the U.S. Marshal Service (USMS) to enforce operation of the exercise yard, to direct the USMS to assist in operating programs for prisoners there, and to hold a hearing on foreclosure of Isaac Ray due to the alleged unconstitutional conditions of confinement.

Mr. Parrish has also filed a "Motion to Compel" asking the court to order LSH to use only Parrish as his name, and not Kirwan, which he states was "taken off line in 1993 because of murder contract." However, Mr. Parrish has also filed a Notice with the Court with an attachment indicating that his name was changed from Michael D. Pyle to Daniel Lee Kirwan. This court utilizes the name under which plaintiff is confined by the Kansas Department of Corrections on correspondence and at times adds an alias in Mr. Parrish's cases to insure that mail is delivered to him. The name he files the case under is always included. Plaintiff has caused any confusion with his use of many different names, and alleges no grounds for a motion to compel.

2

Plaintiff has filed an Application to Proceed Without Prepayment of Fees (Doc. 2). He has previously been designated a "three strikes litigant" in this court[1] pursuant to 28 U.S.C. 1915(g), and has been informed of this designation and its significance. The court has examined the complaint and finds no basis to conclude that plaintiff could be allowed to proceed in this matter without the prepayment of the full filing fee. Plaintiff has not asserted any claim that he is in imminent danger of serious physical harm. Accordingly, plaintiff may proceed in this action only if he pays the full filing fee of $350.00 required for filing a civil rights complaint under 42 U.S.C. §1983.

Plaintiff has also filed an "Amended Complaint" in which he complains of his loss of employment at LSH[2]. The second page of this document has "Interlocutory Appeal" written at the top, and the paragraph on this page states "because of defendants' obstructing legal mail postage, Parrish files interlocutory appeal. . . ." However, plaintiff then alleges the "case filed is to be moved to" the Tenth Circuit for hearing en banc. This document was copied,

---

[1] Plaintiff has filed cases under different names, including Daniel Joseph Kirwan, Michael Duane Pyle, and Daniel Joseph Parrish. He has also used the names Daniel Parrado and Daniel Parrish-Parrado. The cases on which his three-strikes status were based are: <u>Kirwan v. Larned Mental Health</u>, 816 F.Supp. 672 (D. Kan. 1993); <u>Kirwan v. Huggins</u>, Case No. 91-3217, 1991 WL 158842 (D. Kan., July 31, 1991); and <u>Kirwan v. Appel</u>, Case No. 88-3416, 1988 WL 142902 (D.Kan. Dec. 29, 1988).

[2] Having reviewed the Amended Complaint, the court finds it appears that plaintiff actually intended to supplement rather than amend his complaint, and he paginates this document as if it were a continuation of his complaint. The court treats this document as a supplement in an attempt to conform to plaintiff's intent. Otherwise, the only claims before the court would be those in the amended complaint, which would supercede the original.

and the original was filed as an Amended Complaint (Doc. 3), while the copy was filed as a Motion to Remove Case to Tenth Circuit (Doc. 4). Since no order had been entered in this case at the time this pleading was filed, there was no order from which to take an interlocutory appeal. Moreover, this pleading is encaptioned Amended Complaint and is ambiguous at best. Thus, the court directed the clerk to treat this language as a Motion to Remove, rather than a Notice of Interlocutory Appeal. Having considered the Motion to Remove, the court finds it should be denied, as no basis for jurisdiction in the Tenth Circuit Court of Appeals is stated.

If plaintiff wishes to file an interlocutory appeal from an order that has now been issued, then he must file a pleading encaptioned "Notice of Interlocutory Appeal" complying with procedures for filing an interlocutory appeal.

Plaintiff has since mailed another document to this court, which has the address of the Clerk, Tenth Circuit Court of Appeals at the top. It next refers to this case, and is entitled a Motion for Federal Intervention. The court does not know if this document was also mailed to the Circuit Court, but it was not filed in this court. The clerk was directed to forward the original to the Tenth Circuit since it is addressed to that court. As noted above, no interlocutory appeal has been properly filed.

**IT IS THEREFORE ORDERED** that plaintiff's pleading entitled Amended Complaint (Doc. 3) is treated as Supplement to Complaint (Doc. 3); plaintiff's Motion to Remove Case to Tenth Circuit Court of Appeals (Doc. 4) is denied; and plaintiff's Motion to Compel in the body of his complaint (Doc. 1) is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied; and plaintiff is granted thirty (30) days from the date of this Order to submit the $350 filing fee.  Failure to pay the full filing fee by that time will result in the dismissal of this action without prejudice.

**IT IS SO ORDERED**.

Dated this 1st day of August, 2006, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge

5